UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY L. HUNTER,<br><br>    Plaintiff<br><br>v.<br><br>AMERICA FIRST CREDIT UNION,<br><br>    Defendant | Case No.: 2:24-cv-01960-APG-NJK<br><br>**Order Granting Defendant's Motion to Dismiss Complaint**<br><br>[ECF Nos. 16, 20] |

Larry L. Hunter sues America First Credit Union for violation of the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and the Gramm-Leach-Bliley Act (GLBA). America First moves to dismiss Hunter's complaint for failure to state a claim. ECF No. 16. Hunter filed a "Motion to Proceed" that I will construe as an opposition to the motion to dismiss. ECF No. 20. For the reasons below, I grant America First's motion to dismiss, but I grant Hunter leave to amend his FCRA and FDCPA claims.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim. In evaluating a Rule 12(b)(6) motion, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).

Rule 8(a)(2) requires a complaint to contain a "short and plain statement" of the claims asserted "showing that the pleader is entitled to relief." In particular, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When the claims have not crossed the line from the conceivable to plausible, the complaint must be dismissed. *Id.* at 570. Conclusory allegations of law are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th

Cir. 2004). In evaluating a 12(b)(6) motion, allegations of a pro se complaint "are held to less stringent standards than formal pleadings drafted by lawyers." *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted).

## II.    ANALYSIS

America First argues that each of Hunter's claims under the FCRA, FDCPA, and the GLBA fails to state a claim. It contends more generally that Hunter's complaint fails to provide the "short and plain statement" of his claims that Rule 8(a) requires.

> **A.    *I dismiss the FCRA claim because it does not plausibly allege inaccurate information furnished by America First or any FCRA violation that caused harm to Hunter.***

Hunter asserts claims under the FCRA, citing 15 U.S.C. §§ 1681(a)(2), 1681(b), and 1681b. *See* ECF No. 1 at 3-4; *see also* ECF No. 1-1 at 1. America First argues that Hunter fails to allege facts showing that it reported inaccurate or incomplete information and that it received notice of any inaccuracies and failed to correct the inaccurate data. It also argues that Hunter does not allege an injury due to information that America First furnished. Hunter responds that America First reported two credit cards "for $500.00 and $349.00" that were "on [his] Consumer Credit Report" for the past six years. ECF No. 20 at 1.

The FCRA institutes various procedures to ensure that consumer reporting agencies (CRAs) issue fair and accurate credit reports regarding consumers. 15 U.S.C. §§ 1681(a)-(b). The FCRA regulates when a CRA may provide a consumer report. 15 U.S.C. § 1681b. It also imposes duties on a person who provides information to a CRA if there is a "dispute with regard to the completeness or accuracy" of that information. 15 U.S.C. § 1681s-2(b)(1). For instance, "[i]n addition to requiring that a furnisher conduct a reasonable investigation of a consumer dispute, § 1681s-2(b) also requires a creditor, upon receiving notice of such dispute, to both report the results of the investigation and, 'if the investigation finds that the information is

2

incomplete or inaccurate, report those results' to the CRAs." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (simplified, citing 15 U.S.C. § 1681s-2(b)(1)(C), (D)). The FCRA creates a private cause of action for consumers who sustain actual damages resulting from a violation of this provision. *Id.*; *see also* 15 U.S.C. §§ 1681n, 1681o, 1681s-2(c)(2).

Claims under section 1681s-2(b) and similar provisions of the FCRA require a consumer to show that the reported information was "inaccurate." *See Gorman*, 584 F.3d at 1162; *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (applying this rule to claims under § 1681e and § 1681i). Information is "inaccurate" if "it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw*, 891 F.3d at 756 (quoting *Gorman*, 584 F.3d at 1163).

The factual allegations in Hunter's complaint state in their entirety:

> America First Credit Union is in violation of the FCRA and the FDCPA[.] The plaintiff cannot buy a house or a vehicle for the past six years as stated in my complaint in demand letter.

ECF No. 1 at 4. In the "demand letter" attached as an exhibit to his complaint, Hunter alleges that America First infringed his "Rights to Privacy" by "Advertising the Alleged Debt on my Consumer Report that I do not owe," and the letter requests that America First delete the information. ECF No. 1-1 at 1-2. In an exhibit titled "Third Notice," Hunter states that America First reported a "Transaction on 05/20/2018 Closed on 12/17/2020 on a Credit Line of $500.00 and on 08/2017 and Closed on 08/13/2021 on a Credit Line of $349.00." *Id.* at 4. Hunter suggests that America First improperly reported certain "Late Payments." *Id.*

These allegations fail to state a claim for a violation of the FCRA. The complaint does not indicate what information was inaccurate or what "debt" Hunter contests. His complaint mentions reports involving two credit lines, but does not allege any facts indicating why these

statements were inaccurate. Additionally, Hunter's inability to buy a house or vehicle for six years are plausibly actual harms, but the complaint does not indicate how any violation of the FCRA caused those harms. For instance, the complaint does not state a claim under section 1681s-2(b) because it does not allege that America First received notice of specific inaccurate information during this six-year period and failed to conduct a reasonable investigation. So I dismiss Hunter's FCRA claim.

**B.    *I dismiss the FDCPA claim because Hunter does not oppose the motion and the complaint does not plausibly allege that America First was a debt collector engaged in deceptive debt collection.***

Hunter's complaint asserts claims under the FDCPA, citing 15 U.S.C. § 1692. *See* ECF No. 1 at 3-4; *see also* ECF No. 1-1 at 2. America First argues that this claim fails because it does not allege that America First is a "debt collector" under the FDCPA. Hunter does not respond to this argument. I therefore grant America First's motion as unopposed but will consider the merits to determine whether leave to amend is appropriate. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to [a motion to dismiss] constitutes a consent to granting of the motion.").

The FDCPA targets certain bad practices of "debt collectors." 15 U.S.C. § 1692(e). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). To state a claim under the FDCPA, a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendants: (1) are debt collectors, and (2) used 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' or otherwise engaged in conduct that violates a provision of the FDCPA." *Banks v. ACS Educ.*, 638 F. App'x 587, 590

4

(9th Cir. 2016) (quoting *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013)) (simplified).

The allegations in Hunter's complaint do not satisfy either of these requirements. The mere fact that America First is a bank does not plausibly allege that it is a debt collector. *See Schlegel*, 720 F.3d at 1210 (rejecting plaintiff's argument that a bank satisfied the FDCPA's definition of "debt collector"). And the complaint does not reference any deceptive representation in connection with collecting a debt, or any other conduct, that violates the FDCPA. So I dismiss Hunter's FDCPA claim.

### C. *I dismiss the GLBA claim because Hunter does not oppose the motion and lacks a private civil cause of action under the GLBA.*

Hunter asserts claims under the GLBA, citing 15 U.S.C. §§ 6801, 6802, and 6802(b). *See* ECF No. 1 at 3; *see also* ECF No. 1-1 at 1. America First argues this claim fails because the GLBA does not create a private cause of action. Hunter does not respond to this argument so, as above, I grant the motion as unopposed but will consider the merits to determine whether leave to amend is appropriate.

The GLBA establishes standards to protect the privacy and security of customers of financial institutions. 15 U.S.C. § 6801. The GLBA "shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission." 15 U.S.C. § 6805(a).

The GLBA contains no express private cause of action. And "there is an implied cause of action only if the underlying statute can be interpreted to disclose the intent to create one." *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 164 (2008). The statute expressly lists who may enforce the GLBA, and it omits any mention of private civil

enforcement. "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001). So I will not imply a private cause of action. And courts have consistently recognized there is no private cause of action under the GLBA. *See, e.g., Wood v. Greenberry Fin. Servs., Inc.*, 907 F. Supp. 2d 1165, 1186 (D. Haw. 2012), *abrogated on other grounds by Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046 (9th Cir. 2014); *Rowland v. Prudential Fin., Inc.*, No. CV04-2287PHX-EHC, 2007 WL 1893630, at *6 (D. Ariz. July 2, 2007), *aff'd*, 362 F. App'x 596 (9th Cir. 2010). Hunter lacks a cause of action under this statute, so I do not grant him leave to amend the GLBA claim because it is "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). I thus dismiss Hunter's GLBA claim with prejudice.

### D.     Hunter may amend his FCRA and FDCPA claims.

Because Hunter is proceeding pro se and amendment might cure the deficiencies in his FCRA and FDCPA claims, I grant Hunter leave to amend his FCRA and FDCPA claims to the extent that he can allege facts that entitle him to relief. *See id*. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. I advise Hunter to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where multiple claims are alleged, the complaint should identify which factual allegations give rise to which particular claim. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim." Thus, the amended complaint should not include lengthy repetitions of statutes, rules, filings in other cases, previous

filings in this case, or excessive references to exhibits. *See*, *e.g.*, ECF Nos. 1 at 4 (referring to exhibit for factual allegations without alleging them in the body of the complaint); 1-1 at 1-5 (listing statutes without alleging supportive facts).

### III.  CONCLUSION

I THEREFORE ORDER that defendant America First's motion to dismiss **(ECF No. 16) is GRANTED** and plaintiff Larry Hunter's motion to proceed **(ECF No. 20) is DENIED.** Hunter's GLBA claim is dismissed with prejudice, and his FCRA and FDCPA claims are dismissed without prejudice. Hunter may file an amended complaint asserting claims under the FCRA and FDCPA, if facts exist to do so. He must file that amended complaint by August 29, 2025. If he fails to do so, I will close this case.

DATED this 31st day of July, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

7