**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LARRY L. HUNTER,

Plaintiff

v.

AMERICA FIRST CREDIT UNION,

Defendant

Case No.: 2:24-cv-01960-APG-NJK

**Order Granting Defendant's Motions to Dismiss and Strike**

[ECF Nos. 43, 50]

Larry L. Hunter sues America First Credit Union for inaccurately reporting to credit reporting agencies (CRAs) outstanding debts on two closed accounts. Hunter originally brought claims under the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and Gramm-Leach-Bliley Act (GLBA). ECF No. 1 at 3-4. I previously dismissed his GLBA claim with prejudice and granted leave to amend his FCRA and FDCPA claims. ECF No. 31 at 7. I dismissed Hunter's FCRA claim because he did not identify what reported information was inaccurate and how a FCRA violation harmed him. *Id.* at 3-4. Hunter's second amended complaint alleges only FCRA claims under 15 U.S.C. §§ 1681e(b), 1681i, and 1681s–2(b). ECF No. 37 at 2-3.

America First moves to dismiss Hunter's second amended complaint for failure to state a claim. ECF No. 43. After briefing on the motion to dismiss was complete, Hunter filed a surreply, a request for judicial notice, and an additional opposition to America First's motion to dismiss. ECF Nos. 47; 48; 49. America First moves to strike those documents. ECF No. 50. Because Hunter has not plausibly alleged facts that America First failed to investigate the alleged inaccuracies, I grant America First's motion to dismiss, but I grant Hunter leave to amend his § 1681s–2(b) claim. I also grant America First's unopposed motion to strike.

**I. I grant America First's motion to dismiss but grant Hunter leave to amend his 15 U.S.C. § 1681s–2(b) claim.**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017) (quotation omitted). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. The allegations of a pro se complaint "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted). As the moving party, the defendant has the burden to show that the plaintiff has not plausibly alleged a claim upon which relief can be granted. *Sintigo v. Pompeo*, No. 2:19-cv-00465-APG-VCF, 2020 WL 14053449, at *3 (D. Nev. July 20, 2020); *see also Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (holding that on a Federal Rule of Civil Procedure 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented"); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) (holding that "on a 12(b)(6) motion, the moving party bears the burden of demonstrating that the plaintiff failed to state a claim").

Federal Rule of Civil Procedure 15(a)(2) provides that I should grant leave to amend "freely . . . when justice so requires." I should deny leave to amend only if there is a reason not to allow it, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, "dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (quotation omitted).

The FCRA mandates various procedures to ensure that CRAs issue fair and accurate credit reports for consumers. 15 U.S.C. §§ 1681(a)-(b). The FCRA "imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). As relevant here, § 1681s–2(b) provides that a furnisher, upon receiving notice that a consumer disputes the accuracy of information provided to a CRA, shall investigate the disputed information, review all relevant information provided by the CRA, and report the results of its investigation to the CRA. The FCRA also requires that, if the investigation finds incomplete or inaccurate information, the furnisher must report the results to all other CRAs that it furnished that information to and modify, delete, or permanently block reporting the disputed information that is inaccurate, incomplete, or unverifiable. 15 U.S.C. § 1681s–2(b)(1)(D) and (E). "These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154. The FCRA creates a private cause of action for consumers who sustain actual damages resulting from a violation of this provision. *Id.* at 1162; *see also* 15 U.S.C. §§ 1681n, 1681o, 1681s–2(c)(2).

**A. To the extent Hunter's second amended complaint could be interpreted as alleging claims under 15 U.S.C. §§ 1681e(b) and 1681i, I dismiss those claims.**

America First argues that 15 U.S.C. §§ 1681e(b) and 1681i regulate CRAs and that it is not a CRA, so Hunter's claims under those provisions must be dismissed. Hunter responds that "any refence to §§ 1681e(b) and 1681i was contextual, not a separate claim" and that he "does not allege that [America First] is itself a [CRA]," so "the operative claim arises solely under § 1681s–2(b)." ECF No. 45 at 2 (cleaned up). I therefore dismiss Hunter's claims under §§ 1681e(b) and 1681i in the second amended complaint. LR 7-2(d).

**B. I dismiss Hunter's 15 U.S.C. § 1681s–2(b) claim with leave to amend.**

To state a FCRA claim, a plaintiff must plausibly allege that (1) he found an inaccuracy in his credit report, (2) he notified a CRA, (3) the CRA notified the furnisher of the information about the dispute, and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of § 1681s–2(b)(1)(A)-(E). *See Gorman*, 584 F.3d at 1154. "An item on a credit report can be incomplete or inaccurate . . . because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (simplified). The plaintiff bears the burden of showing that the investigation was unreasonable. *See Gorman*, 584 F.3d at 1157; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010).

America First challenges only the first and fourth elements of Hunter's § 1681s–2(b) claim, arguing that he has not plausibly alleged that an inaccuracy existed and that America First failed to conduct a reasonable investigation. It also contends that Hunter fails to plead a concrete injury traceable to the alleged FCRA violation. Hunter responds that he has sufficiently alleged

inaccuracies in his reported accounts and that America First failed to perform a reasonable investigation by ignoring the financial documents attached to his complaint.

Hunter has remedied the deficiencies in his original complaint that I addressed in my previous order. His second amended complaint identifies the accounts with inaccuracies and what debts he challenges. He alleges that he had two accounts with America First, a line of credit (account number 0524) and a credit card (account number 0516). ECF No. 37 at 1, 7-9. He claims he closed both accounts with no balance and that America First inaccurately reported a balance of $520.00 on the line of credit and $349.13 on the credit card. *Id.* at 1-2.

America First contends the attachments to Hunter's complaint reflect a non-zero balance on those accounts, so his allegation that he closed the accounts with no balance is a "bare assertion" and "conclusory." ECF No. 43 at 5. However, I must take as true Hunter's factual allegations, including that he closed the accounts with no balance. I do not have to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). But construing the allegations in a light most favorable to Hunter, the second amended complaint's attachments do not contradict Hunter's allegation that he closed the accounts with no balance. If Hunter claims America First inaccurately reported a balance on his accounts, then presumably the bank records would reflect the inaccuracy. Additionally, the attached records contain activity from December 2020 and may not reflect activity before or after that month that establishes the accounts were closed with no balance. ECF No. 37 at 8-9. Hunter has plausibly alleged inaccuracies, so I deny America First's motion to dismiss on that ground.

Hunter alleges that "[d]espite receiving notice [of the inaccuracies], defendant failed to conduct a reasonable investigation and continued reporting the false charge-offs." ECF No. 37 at

2 (cleaned up). As support for his claim, he attaches a credit history report from July 2025 showing that the balances were still being reported on the America First accounts. *Id.* at 17-18. Hunter does not state why any investigation was unreasonable other than that America First continued to report allegedly inaccurate information. His allegation that America First failed to conduct a reasonable investigation is conclusory and therefore insufficient. He does not allege what evidence America First could have reviewed to identify the inaccuracy. The second amended complaint's exhibits show both accounts started and ended December 2020 with a debt and that he made scheduled payments of $25 each month on both accounts but missed two of those payments on both accounts and failed to make a payment on the line of credit in December 2020. *Id.* at 8-9. Nor does Hunter otherwise allege why America First's investigation was unreasonable, such as an explanation for why the account balances should be zero that America First would have identified had it performed a reasonable investigation. I therefore dismiss Hunter's § 1681s–2(b) claim for failure to allege facts sufficient to plausibly claim that America First did not conduct a reasonable investigation. However, I grant Hunter leave to amend because it is not apparent amendment would be futile. He corrected deficiencies based on my previous order and thus has not "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182.

Finally, Hunter alleges that he suffered emotional distress and reputational harm from America First's conduct. A plaintiff may recover "for emotional distress and humiliation" under the FCRA. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). America First does not identify why those injuries are not connected to its allegedly inaccurate reporting on Hunter's accounts. I therefore deny its motion to dismiss on that ground because America First failed meet its burden to establish that Hunter has not alleged a concrete injury.

**II. I grant America First's unopposed motion to strike.**

America First contends that Hunter's surreply, request for judicial notice, and additional opposition to its motion to dismiss (ECF Nos. 47, 48, 49) were improperly filed and thus should be stricken. Hunter does not oppose America First's motion to strike, and I therefore grant the motion for that reason. LR 7-2(d). Further, the documents were improperly filed.[1] Hunter did not request leave of court to file a surreply. LR 7-2(b). Hunter's request for judicial notice is duplicative of his surreply, and a request for judicial notice is not the correct procedural vehicle to argue a surreply. Additionally, bank account records are not proper subjects of judicial notice. Fed. R. Evid. 201(b). Hunter's second opposition to America First's motion to dismiss is also improperly filed without leave of court. LR 7-2(g).

**III. Conclusion**

I THEREFORE ORDER that America First Credit Union's motion to dismiss **(ECF No. 43) is GRANTED**.

I FURTHER ORDER that Larry L. Hunter may file an amended complaint asserting only a claim under 15 U.S.C. § 1681s–2(b) that addresses the deficiencies identified in this order if he can allege facts to do so. He must file a third amended complaint by October 2, 2026. If he fails to do so, I will close this case.

/ / / /

/ / / /

[1] Courts have the inherent authority to manage their own dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That inherent authority includes the power to strike improper filings "to promulgate and enforce rules for the management of litigation." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (simplified)).

I FURTHER ORDER that America First's motion to strike **(ECF No. 50) is GRANTED**. The clerk of court is instructed to strike ECF Nos. 47, 48, and 49.

DATED this 9th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE